# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EZEKIEL DAVIS, <br> DAVID STAMPER, <br> PEYTON KEELEY, <br> ADAM BISHOP, and <br> UNNAMED CLASS MEMBER, <br><br> Plaintiffs, <br><br> v. <br><br> SCOTT CROW and <br> TOMMY SHARP, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. CIV-20-106-RAW-SPS <br> ) <br> ) <br> ) <br> ) <br> ) |

## OPINION AND ORDER

Four state prisoners in the custody of the Oklahoma Department of Corrections (DOC) who are incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, have filed this civil rights action pursuant to 42 U.S.C. § 1983. They are seeking relief for alleged violations of their rights under the Eighth and Fourteenth Amendments and have marked the complaint as a "Class Action." The plaintiffs are Ezekiel Davis, David Stamper, Peyton Keeley, Adam Bishop, and Unnamed Class Member, however, only Mr. Davis signed the complaint and submitted a motion to proceed *in forma pauperis*. The defendants are DOC Director Scott Crow and OSP Warden Tommy Sharp.

Plaintiffs allege that in April 2020 several unnamed OSP employees who were infected with COVID-19 entered the facility, thus showing deliberate indifference to the

plaintiffs' health and safety.[1]  Some plaintiffs claim they are older prisoners who would be affected more severely by contracting the virus.  The news media allegedly has reported that the virus stays in the air for up to four hours and on plastic for as long as 30 days, however, the prisoners are served on plastic trays.  Plaintiffs assert the entire DOC has been placed on a state-wide lockdown because of the outbreak of the disease.  To receive medical care, they have to submit medical sick call slips and wait seven to ten days to be seen, when immediate medical care is needed for persons who have been exposed to the virus.  Plaintiffs further allege they have been given only bars of soap and masks to wear when outside their cells, and they have not been provided any cleaning supplies.  (Dkt. 1 at 6-7).

Plaintiffs further argue they and others similarly situated are unable to represent the class of prisoners against the defendants, therefore, they request that the class be certified. (Dkt. 1 at 8).  Plaintiffs are requesting relief in the forms of (1) a declaratory judgment, (2) appointment of class counsel with $100,000 in attorney fees, (3) early release from prison of all inmates who have served twenty years or more and who are at least 40 years old, pursuant to 18 U.S.C. § 3626(a)(3), (4) $200,000 in punitive damages from each defendant, (5) $200,000 in compensatory damages from each defendant, and (6) unspecified injunctive relief.  (Dkt. 1 at 12).

**Exhaustion of Administrative Remedies**

---

[1] Plaintiffs also claim an infected person entered Joseph Harp Correctional Center in Lexington, Oklahoma.  (Dkt. 1 at 6).

On the face of the complaint, Plaintiffs admit they have not exhausted any administrative remedies for their claims, because there allegedly are no administrative remedies available through the DOC grievance procedures. (Dkt. 1 at 9). The Prison Litigation Reform Act (PLRA) states in pertinent part: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement applies to all inmate suits about prison life and conditions, whether they involve general circumstances or particular events involving an alleged violation of rights. *Porter v. Tussle*, 534 U.S. 516, 532 (2002). The administrative exhaustion requirement includes claims related to prison medical care. *See Price v. Shined*, 178 F. App'x 803, 804 (10th Cir. 2006). "[E]ven where the 'available' remedies would appear to be futile at providing the kind of remedy sought, the prisoner must exhaust the administration remedies available." *Patel v. Fleming*, 415 F.3d 1105, 1109 (10th Cir. 2005) (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

In "rare cases" a district court may sua sponte dismiss a prisoner complaint for failure to exhaust administrative remedies, "if it is clear from the face of the complaint that the prisoner has not exhausted his administrative remedies." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Courts, however, "also are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of

3

prison officials." *Id.* (citing *Jernigan*, 304 F.3d at 1032) (explaining that administrative remedies may be rendered unavailable by the action or inaction of prison officials)).

> . . . In short, courts should "exercise caution" and seek further information from the defendant before making the determination that a complaint should be dismissed for failure to exhaust. *Aquilar-Avellaveda*, 478 F.3d at 1225-26 (quoting *Anderson v. XYZ Corr. Health Servs.*, 407 F.3d 674, 683 n.5 (4th Cir. 2005) ("To determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate.") (quoting *Anderson*, 407 F.3d at 682)).

*Lax v. Corizon Medical Staff*, 766 F. App'x 626, 628 (10th Cir. 2019).

Here, Plaintiffs allege they cannot seek immediate medical attention or go to an emergency room for treatment of COVID-19 symptoms because of the facility's process for requesting medical attention. They maintain there is no administrative remedy available for these circumstances. Because Plaintiffs have not demonstrated there are no available administrative remedies, and the defendants have not had the opportunity to respond to the allegations, the Court finds the complaint cannot be dismissed at this time for failure to exhaust administrative remedies.

**Class Certification and Appointment of Class Counsel**

Plaintiffs concede they "are unable to represent the 'Class'--'Prisoners' in a 'Class Action' law suit [sic] against the Oklahoma Department of Corrections." They contend "there are no other remedies available when such a large number of inmates' lifes [sic] are at risk and in danger, this Honorable Court is duty bound in the fact of such a tragic situation to err on the side of the law--Constitution and certify this Class Action in order

4

to prevent gross violations to the class members . . . ." (Dkt. 1 at 8). The Court, however, finds that class certification and appointment of class counsel would not be appropriate at this point in the litigation, because Plaintiffs admit they have not exhausted the administrative remedies for their claims.

**Separate Actions**

When multiple names appear on a complaint, the district court can open a separate case for each plaintiff. *See Smith v. Corr. Med. Servs.*, 2012 WL 12906573, at *3 (D.N.M. June 21, 2012) (directing clerk to open separate cases for each prisoner); *Brull v. Kansas*, 2010 WL 3829580, at *1 (D. Kan. Sept. 22, 2010) (instructing the "clerk … to file a separate action on behalf of each petitioner"); *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001) (PLRA requires a separate filing fee for each prisoner and prevents prisoners from joining claims under Fed. R. Civ. P. 20). Here, the Court has determined it should sever the claims of the plaintiffs, and each plaintiff must file an amended complaint setting forth his separate claims in accordance with the instructions below.

Within twenty (20) days of the entry of this Order, each plaintiff must file an amended complaint on the Court's form. The amended complaints must set forth each person the individual plaintiff is suing under 42 U.S.C. § 1983. *See Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1237 (10th Cir. 1999) (holding that "a cause of action under § 1983 requires a deprivation of a civil right by a 'person' acting under color of state law"). Each amended complaint also must include a short and plain statement of when and how each defendant allegedly violated the plaintiff's constitutional rights and

showing each plaintiff is entitled to relief from each named defendant.  *See* Fed. R. Civ. P. 8(a).  In addition, each plaintiff shall identify a constitutional basis for each claim.  *See id*.

Plaintiffs are admonished that simply alleging that a defendant is an employee or supervisor of a state agency is inadequate to state a claim.  Each plaintiff must go further and state how each named defendant's personal participation violated the plaintiff's constitutional rights.  The Court will only consider claims "based upon the violation of a plaintiff's personal rights, and not the rights of someone else."  *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990).

Each amended complaint must include all claims and supporting material to be considered by the Court.  It must be complete in itself, including exhibits, and may not reference or attempt to incorporate material from the original complaint.  *See* Local Civil Rule 9.2(c).  Also, pursuant to Local Civil Rule 5.2(a), the amended complaint must be clearly legible, and only one side of the paper may be used.

The Court Clerk is directed to send each plaintiff the proper form for filing an amended complaint.  If any plaintiff fails to file an amended complaint in accordance with this Order, his action will be dismissed.

Furthermore, within twenty (20) days, Plaintiffs David Stamper, Peyton Keeley, and Adam Bishop each must submit either (1) a proper motion for leave to proceed *in forma pauperis* with required certification, or (2) the $350.00 filing fee and $50.00 administrative fee required to commence this action.  *See* 28 U.S.C. § 1914; District

Court Fee Schedule. The Court Clerk is directed to send Defendants Stamper, Keeley, and Bishop the forms for requesting leave to proceed *in forma pauperis* in this Court.

**ACCORDINGLY,**

1. Plaintiffs Ezekiel Davis, David Stamper, Peyton Keeley, and Adam Bishop's request for class certification and for appointment of class counsel is DENIED.

2. This action is SEVERED such that each plaintiff shall proceed as the sole plaintiff in his respective case.

3. The Court Clerk is directed to open new, separate cases for Plaintiffs David Stamper, Peyton Keeley, and Adam Bishop with a copy of the original complaint and this Opinion and Order in each of the three new cases.

4. Plaintiffs Ezekiel Davis, David Stamper, Peyton Keeley, and Adam Bishop are directed to file in their respective cases within twenty (20) days a SIGNED, AMENDED COMPLAINT on the Court's form in accordance with the above instructions.

5. Plaintiffs David Stamper, Peyton Keeley, and Adam Bishop are directed to submit within twenty (20) days either (1) a proper motion for leave to proceed *in forma pauperis* with required certification, or (2) the $350.00 filing fee and $50.00 administrative fee required to commence this action.

6. The Court Clerk is directed to send each plaintiff a copy of the Court's form for filing an amended civil rights complaint.

7.  The Court Clerk is directed to send Plaintiffs David Stamper, Peyton Keeley, and Adam Bishop copies of the Court's form for filing a motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED** this 30th day of April 2020.

Ronald A. White
United States District Judge
Eastern District of Oklahoma